1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID B. TRACEY,

11           Plaintiff,                          No. CIV S-08-0007 MCE DAD P

12        vs.

13   SACRAMENTO COUNTY SHERIFF,
     et al.,

14
             Defendants.                    ORDER
15   _____/

16           Plaintiff, an inmate at the Rio Cosumnes Correctional Center, is proceeding pro se

17   and has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to

18   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19           Plaintiff's in forma pauperis application is incomplete and plaintiff did not attach

20   a certified copy of his inmate trust account statement for the six-month period immediately

21   preceding the filing of the complaint in this action.  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be

22   granted thirty days to submit a new application and a certified copy of his inmate trust account

23   statement for the relevant six-month period.

24           The court is required to screen complaints brought by prisoners seeking relief

25   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

26   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

                                                 1

1   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3   U.S.C. § 1915A(b)(1) & (2).

4          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

6   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10  Cir. 1989); Franklin, 745 F.2d at 1227.

11         A claim should be dismissed for failure to state a claim upon which relief may be

12  granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

13  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

14  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

15  F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

16  accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

17  425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

18  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

19  411, 421 (1969).

20         Here, plaintiff contends that he received inadequate medical care in that defendant

21  nurse Benton did not order his seizure medication for four days and plaintiff was told that the

22  medication was too costly.  Plaintiff has not provided any factual allegations concerning the other

23  defendants named in his complaint.  Plaintiff also seeks the following relief:  "I want people to

24  be fired  There [sic] licence [sic] revolked [sic] and compenstion [sic] for damages[.]"  (Compl.

25  at 4.)

26  /////

1      The court will dismiss plaintiff's complaint and grant him leave to file an

2  amended complaint.  Plaintiff is advised of the following legal standards for a medical care

3  claim.

4          Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim
           based on prison medical treatment, an inmate must show
5          "deliberate indifference to serious medical needs." Estelle v.
           Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).
6          In the Ninth Circuit, the test for deliberate indifference consists of
           two parts. McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991),
7          overruled on other grounds by WMX Techs., Inc. v. Miller, 104
           F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show
8          a "serious medical need" by demonstrating that "failure to treat a
           prisoner's condition could result in further significant injury or the
9          'unnecessary and wanton infliction of pain.'" Id. at 1059 (citing
           Estelle, 429 U.S. at 104, 97 S. Ct. 285).  Second, the plaintiff must
10         show the defendant's response to the need was deliberately
           indifferent. Id. at 1060.  This second prong - defendant's response
11         to the need was deliberately indifferent - is satisfied by showing (a)
           a purposeful act or failure to respond to a prisoner's pain or
12         possible medical need and (b) harm caused by the indifference. Id.
           Indifference "may appear when prison officials deny, delay, or
13         intentionally interfere with medical treatment, or it may be shown
           by the way in which prison physicians provide medical care." Id.
14         at 1059 (quoting Hutchinson v. United States, 838 F.2d 390, 392
           (9th Cir. 1988).  Yet, an "inadvertent [or negligent] failure to
15         provide adequate medical care" alone does not state a claim under
           § 1983. Id. (citing Estelle, 429 U.S. at 105, 97 S. Ct. 285).  A
16         prisoner need not show his harm was substantial; however, such
           would provide additional support for the inmate's claim that the
17         defendant was deliberately indifferent to his needs. Id. at 1060.  If
           the harm is an "isolated exception" to the defendant's "overall
18         treatment of the prisoner [it] ordinarily militates against a finding
           of deliberate indifference." Id. (citations omitted).

19

20  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

21      In his amended complaint, plaintiff must provide additional factual allegations

22  that demonstrate that each named defendant was deliberately indifferent about plaintiff's medical

23  care.  Plaintiff should also clarify whether he was denied all seizure medication or whether he

24  was provided alternative medication, and explain how he was harmed by the alleged delay in

25  obtaining his medication.  Plaintiff should provide specific dates of medical appointments, the

26  dates when he was without medication and any other critical information, including the dates

1    when the alleged events occurred, in support of his claim.  If plaintiff has documents that verify

2    that he requires specific medication, he should attach to his amended complaint copies of those

3    records.

4          The amended complaint must allege in specific terms how each named defendant

5    was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C.

6    § 1983 unless there is some affirmative link or connection between a defendant's actions and the

7    claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

8    (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

9    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

10   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11         Plaintiff is advised that although he may seek monetary compensation, the court

12   will not order that certain defendants be fired or that their license be revoked because such relief

13   is beyond the court's authority to award.  Accordingly, in his amended complaint plaintiff should

14   not seek such relief.

15         Plaintiff is informed that the court cannot refer to a prior pleading in order to

16   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This is because, as a

18   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22         On January 9, 2008, plaintiff requested the appointment of counsel.  The United

23   States Supreme Court has ruled that district courts lack authority to require counsel to represent

24   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

25   (1989).  In certain exceptional circumstances, the district court may request the voluntary

26   /////

4

1  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

2  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3          The test for exceptional circumstances requires the court to evaluate the plaintiff's

4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

5  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

6  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

7  common to most prisoners, such as lack of legal education and limited law library access, do not

8  establish exceptional circumstances that would warrant a request for voluntary assistance of

9  counsel.  In the present case, the court does not find the required exceptional circumstances.

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.  Within thirty days from the date of this order, plaintiff shall file a new

12  application for requesting leave to proceed in forma pauperis and plaintiff must provide a

13  certified copy of plaintiff's inmate trust account statement for the six-month period immediately

14  preceding the filing of the complaint in this action.

15          2.  Plaintiff's complaint is dismissed.

16          3.   Plaintiff is granted thirty days from the date of this order to file an amended

17  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19  assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form

20  complaint provided by the court.

21          4.  Plaintiff's January 9, 2008 request for the appointment of counsel is denied.

22          5.  The Clerk of the Court is directed to provide plaintiff with the court's form

23  application for requesting leave to proceed in forma pauperis by a prisoner and the form

24  complaint for a § 1983 action.

25  /////

26  /////

1          6.  Plaintiff's failure to comply with this order will result in a recommendation

2    that this action be dismissed without prejudice.

3    DATED: January 15, 2008.

4

5    _____

                              DALE A. DROZD

6                                  UNITED STATES MAGISTRATE JUDGE

7    DAD:4
    trac0007.14+

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26