IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID B. TRACEY,

        Plaintiff,                   No. CIV S-08-0007 MCE DAD P

    vs.

SACRAMENTO COUNTY
SHERIFF DEP'T, et al.,

        Defendants.         <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, and with state law claims. Plaintiff has filed several applications to proceed in forma pauperis under 28 U.S.C. § 1915; however, the applications are incomplete or defective in other ways. The application filed on July 1, 2008, indicates that plaintiff is incarcerated at the Rio Cosumnes Correctional Center but plaintiff's address of record is the Deuel Vocational Institution. The court will provide plaintiff with a final opportunity to submit a proper in forma pauperis application and certified copies of his trust account statements. If plaintiff is currently incarcerated, he must have the certificate portion of the application completed by the authorized staff person at the facility and submit certified copies of the inmate trust account statements for the last six months.

1

On January 15, 2008, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint. Plaintiff filed his amended complaint on March 3, 2008; however, he filed additional amended complaints on April 21, 2008, May 12, 2008 and July 1, 2008. Because plaintiff did not obtain leave to file those additional amended complaints, the court considers only plaintiff's March 3, 2008 amended complaint. The other complaints will be disregarded.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

---

[1] The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Since plaintiff already filed an amended complaint on March 3, 2008, the other amended complaints may be disregarded since plaintiff had not obtained leave of court to file those amended complaints.

2

Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff claims that defendants have violated the Eighth Amendment's prohibition against cruel and unusual punishment, the due process and equal protection clauses, and state laws concerning medical neglect and medical malpractice. (Am. Compl., Suppl. at 2.) Plaintiff does not provide specific allegations in support of these claims but rather provides only a lengthy narrative.

The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. <u>Id.</u> In addition, plaintiff must provide specific facts in support of each claim, rather than presenting allegations for all claims in a lengthy narrative. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

3

statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a plaintiff establishes that he presented a serious medical need at the relevant time, the plaintiff must next prove that the defendants responded to the serious medical need with deliberate indifference. Proof that a defendant acted with deliberate indifference is required to satisfy the subjective prong of the two-part test that is applicable to any Eighth Amendment claim. See Farmer, 511 U.S. at 834.

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of opinion between a prisoner and prison or jail medical staff as to proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson v. McMillian, 503 U.S. 1, 5-9 (1992)). A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established "deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

/////

Finally, as to defendant Sacramento County Sheriff's Department, plaintiff is advised that he must clearly identify and describe the policy being challenged, or provide a copy of the written policy. See Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658 (1978).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the service of this order, plaintiff shall file his application requesting leave to proceed in forma pauperis on the form provided by the court.

2. Plaintiff's amended complaint, filed on March 3, 2008 (Doc. No. 9), is dismissed. The amended complaints filed on April 21, 2008 (Doc. Nos. 13 and 14), May 12, 2008 (Doc. No. 21), and July 1, 2008 (Doc. No. 25) shall be placed in the file and disregarded.

3. Plaintiff is granted thirty days from the date of service of this order to file a new application requesting leave to proceed in forma pauperis, using the form provided by the court.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff shall use the form complaint provided by the court.

/////

5. Plaintiff's failure to comply with this court's order will result in a recommendation that this action be dismissed without prejudice.

6. The Clerk of the Court shall provide plaintiff with the court's form complaint for a § 1983 action and the application for requesting leave to proceed in forma pauperis by a state prisoner.

DATED: April 2, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
trac0007.14